IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISMAEL H. PADILLA                          §
(#346764),                                 §
                                           §
                Petitioner,                §
                                           §
V.                                         §
                                           §        No. 3:14-cv-1833-G-BN
                                           §
WILLIAM STEPHENS, Director,                §
Texas Department of Criminal Justice,      §
Correctional Institutions Division,        §
                                           §
                Respondent.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ismael H. Padilla, a Texas state prisoner, filed a 28 U.S.C. § 2254

habeas corpus petition [Dkt. No. 2], supporting brief [Dkt. No. 3], motion to require

prison officials to mail legal letters [Dkt. No. 4], and motion asking the United States

Court of Appeals for the Fifth Circuit to authorize a successive Section 2254 petition

[Dkt. No. 5].

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon

and aggravated rape, and he was sentenced to concurrent terms of 50 and 20 years

imprisonment. *See State v. Padilla*, Nos. F83-88766 & F82-90756 (203rd Judicial

District Court, Dallas County, May 3, 1983). Because of the numerous federal habeas

petitions that Petitioner filed challenging his convictions and the denial of parole, this

Court recently barred Petitioner from filing any successive habeas petition challenging

his aggravated robbery and rape convictions unless accompanied by a motion for leave to file. *See Padilla v. Stephens*, No. 3:14-cv-779-B-BK (N.D. Tex. Apr. 29, 2014).

Since then, the Fifth Circuit has sanctioned Petitioner $100 in each of two cases. *See In re Padilla*, No. 14-10307 (5th Cir. June 18, 2014); *Padilla v. Stephens*, No. 14-10473 (5th Cir. June 18, 2014). The Fifth Circuit ordered that petitioner is barred from filing any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full, unless he first obtains leave of the Court in which he seeks to file his pleadings. *See id*. Petitioner was warned that any future frivolous or repetitive court filings would subject him to additional sanctions. *See id*. Petitioner was cautioned that he should review any pending matters and move to dismiss any that are frivolous. *See id*.

Petitioner's present Section 2254 petition was filed before the Fifth Circuit issued sanctions against him. But the present petition was filed after this Court required him to file a motion for leave to file. Petitioner has not filed a motion for leave to file his habeas corpus petition in this case, although he did file in this Court a motion for authorization from the Fifth Circuit. *See* Dkt. No. 5.

Petitioner's habeas corpus petition and this case should be dismissed for failure to comply with this Court's order requiring him to file a motion for leave to file when filing a successive habeas petition. Even if petitioner's pleadings are liberally construed as a motion for leave to file, petitioner does not plead facts warranting the grant of

leave to file. He complains of procedures related to DNA testing regarding his aggravated robbery and rape convictions. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b). Petitioner has not presented

this Court with authorization from the Fifth Circuit to proceed with this successive Section 2254 petition under. Therefore, leave to file should be denied; the petition and this case should be dismissed; and all other pending motions should be denied based on this dismissal.

Because petitioner has been sanctioned by the Fifth Circuit, petitioner's motion for authorization from the Fifth Circuit [Dkt. No. 5] should not be transferred to the Fifth Circuit pursuant to *Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner). If petitioner wishes, he must seek authorization from the Fifth Circuit himself, keeping in mind the sanctions imposed and the warning against future frivolous filings.

The habeas corpus petition [Dkt. No. 2] concerning DNA testing procedures and the motion for an order requiring prison officials to mail his legal letters [Dkt. No. 4] should not be liberally construed as raising 42 U.S.C. § 1983 civil rights claims. Plaintiff has accumulated three strikes and is barred from proceeding *in forma pauperis* in any civil action while he is incarcerated unless he is under imminent danger of serious physical injury. *See Padilla v. Watkins*, 491 F. App'x 484, 485 (5t Cir. 2012); *see also* 28 U.S.C. § 1915(g). Plaintiff does not show he is under imminent danger of serious physical injury, and he has not paid the $350 filing fee and $50

administrative fee for a civil rights case. Therefore, his pleadings should not be construed as a civil rights complaint.

## Recommendation

Petitioner's Section 2254 habeas corpus petition and this case should be dismissed for failure to file a motion for leave to file the habeas corpus petition, and all other pending motions should be denied based on this dismissal. Even liberally construing petitioner's pleadings as seeking leave to file the habeas corpus petition, leave to file should be denied. Petitioner's pleadings should not be liberally construed as a civil rights complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE